Filing # 34301330 E-Filed 11/10/2015 04:15:33 PM

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
CIVIL DIVISION

ROBIN JORDAN,

    Plaintiff,

v.                               CASE No.:

                                  DIVISION:

CYQUEST BUSINESS SOLUTIONS, INC.,
and DEVAN BROWN, an individual,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBIN JORDAN, by and through undersigned counsel, hereby sues Defendants, CYQUEST BUSINESS SOLUTIONS, INC. ("CYQUEST") and DEVAN BROWN in his individual capacity, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2.    Venue is proper in Sarasota County, because all of the events giving rise to these claims arose in this County.

### PARTIES

3.    Plaintiff is a resident of Sarasota County, Florida.

4.    Defendant CYQUEST is a Georgia corporation registered to do business in Florida, and operating a satellite office in Sarasota, Florida. Defendant CYQUEST provides human resources services, including pension benefit management services, to private organizations and government agencies that outsource such services.

## GENERAL ALLEGATIONS

5.    Plaintiff has satisfied all conditions precedent, or they have been waived.

6.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.    Plaintiff requests a jury trial for all issues so triable.

8.    At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9.    At all times material hereto, Plaintiff was an "employee" of Defendant CYQUEST within the meaning of the FLSA.

10.   During Plaintiff's employment with Defendants, the main client of Defendant CYQUEST was the United States Pension Benefit Guaranty Corporation ("PBGC").

11.   As a private entity under contract with a federal government agency, Defendant CYQUEST was subject to the McNamara-O'Hara Service Contract Act of 1965, as amended ("SCA"), 41 U.S.C. § 6701 et seq.

12.   Congress intended the FLSA to overlap with other federal legislation. See Powell v. United States Cartridge Co., 339 U.S. 497, 513-19 (1950).

13.   The SCA and the FLSA, though overlapping, do not come into conflict on the issue of overtime pay. See Masters v. Maryland Management Co., 493 F.2d 1329, 1332 (4th Cir. 1974) (citation omitted).

14.   Plaintiff's action to recover unpaid overtime wages from Defendants under the FLSA neither conflicts with the SCA nor hinders the achievement of its goals.

15.     Thus, Defendant CYQUEST is subject to both the SCA and the FLSA in this action, because there is no conflict between the SCA and the provisions of the FLSA that Plaintiff invokes. See Lee v. Flightsafety Services Corp., 20 F.3d 428, 431 (11th Cir. 1994).

16.     At all times material hereto, Defendant CYQUEST was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

17.     Defendant CYQUEST continues to be an "employer" within the meaning of the FLSA.

18.     At all times material hereto, Defendant CYQUEST was and continues to be an enterprise "engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

19.     At all times relevant to this action, the annual gross sales volume of Defendant CYQUEST exceeded $500,000 per year.

20.     Defendant DEVAN C. BROWN, the President and CEO of CYQUEST, is the sole owner, officer, and director of corporate Defendant CYQUEST.

21.     As part of his duties, Defendant DEVAN C. BROWN supervised Plaintiff, and he exercised control over the wages, hours, and working conditions of Plaintiff. He also controlled the payroll practices of Defendant CYQUEST.

22.     Through the exercise of dominion and control over all employee-related matters at CYQUEST, in his individual capacity DEVAN C. BROWN is an "employer" within the meaning of the FLSA.

23.     At all times material hereto, Plaintiff, while employed by Defendants, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

3

24.     Specifically, Plaintiff was not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendants; she had no special or professional qualifications and skills for the explicit use of which she was employed by Defendants; and she had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

25.     Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA

26.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTS

27.     Plaintiff was hired by Defendants as a Pension Supervisor in April 2014, and she worked in this capacity until October 2014.

28.     At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

29.     Plaintiff was not compensated for the overtime hours that she worked while employed by Defendants.

30.     During the relevant statutory period, Defendants engaged in a practice of erasing and modifying the hours that had been recorded on employee time logs listing sign in and sign out times, to ensure that these time sheets did not record any overtime hours.

31.     Thus, Plaintiff's time sheet for any given pay period during her employment with Defendants did not show that Plaintiff worked any overtime hours for Defendants during that pay period, though Plaintiff consistently worked more than forty hours each week.

32.     Defendants knowingly violated the record keeping provisions of the FLSA by intentionally manipulating Plaintiff's time sheets to create the appearance that her working hours never exceeded forty (40) hours per week. See 29 C.F.R. § 516.2.

4

33.   In September 2014, Plaintiff learned of Defendants' illegal record keeping practices in relation to employee time sheets, and she complained about her unpaid overtime hours to several supervisors, as well as Defendants' Human Resources Department.

34.   Defendants retaliated against Plaintiff for complaining about her unpaid overtime hours by terminating her employment shortly after she complained, on or about October 24, 2014.

35.   Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

36.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

37.   During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and she was not compensated for all of these hours in accordance with the FLSA.

38.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39.   As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a)   Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)   Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

c)   An amount equal to Plaintiff's overtime damages as liquidated damages;

d)   To the extent liquidated damages are not awarded, an award of prejudgment interest;

5

e)   A declaratory judgment stating that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)   All costs and attorney's fees incurred in prosecuting these claims; and

g)   Such further relief as this Court deems just and equitable.

## COUNT II – FLSA RETALIATION

40.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

41.   Defendant DEVAN C. BROWN, the President and CEO of CYQUEST, has testified under oath that he personally made the decision to terminate Plaintiff's employment.

42.   Prior to making this decision, Defendant DEVAN C. BROWN had received oral reports and internal e-mails alerting him to Plaintiff's advocacy of her complaints about unpaid overtime wages.

43.   By complaining of Defendants' failure to compensate her for her overtime hours, Plaintiff engaged in protected activity under the FLSA.

44.   By terminating Plaintiff's employment, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

45.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46.   Plaintiff was injured due to Defendants' violations of the FLSA.

*WHEREFORE*, Plaintiff demands:

(a)   A jury trial on all issues so triable;

(b)   That process issue and that this Court take jurisdiction over the case;

(c)   That this Court enter a judgment that Defendants retaliated against Plaintiff in violation of the FLSA;

6

(d)    Compensation for lost wages, benefits, and other remuneration;

(e)    Compensatory damages, including emotional distress, allowable at law; and

(f)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this _____ 10 _____ day of November, 2015.

Respectfully submitted,

STEVEN G. WENZEL
Florida Bar No. 159055
ELISABETH A. FONTUGNE
Florida Bar No. 115954
WENZEL FENTON CABASSA, P.A.
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-223-6545
Main: 813-224-0431
Facsimile: 813-229-8712
E-Mail: swenzel@wfclaw.com
E-Mail: efontugne@wfclaw.com
E-Mail: mcambronero@wfclaw.com
Attorneys for Plaintiff

7